```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------- x
ANDREW DANYLUK,                                       :
                                                      :
                Plaintiff,                            :         06 Civ. 8136 (PKC)
                                                      :
        -against-                                     :         MEMORANDUM
                                                      :         AND ORDER
                                                      :
JONATHAN L. GLASHOW, M.D., P.C.,                      :
                                                      :
                Defendant.                            :
----------------------------------------------------- x
```

P. KEVIN CASTEL, U.S.D.J.

In this action invoking this Court's jurisdiction by reason of diversity of citizenship, Andrew Danyluk, a citizen of Massachusetts, alleges that Jonathan L. Glashow, M.D., P.C. ("Glashow"), a corporation organized under the laws of New York with its principal place of business in New York, has been unlawfully holding over in an office condominium apartment since March 1, 2006. Danyluk's complaint seeks a declaratory judgment that Glashow is in default under a contract to purchase the condominium from Danyluk and that Glashow is wrongfully occupying the condominium. Danyluk also seeks the difference between the down payment and the contract price, $6,000 per month for occupancy of the premises during the holdover period and attorneys' fees.

These are my findings of fact and conclusions of law after trial, a trial in which Glashow did not attend or participate. Danyluk is entitled to a declaratory judgment that Glashow is in default under the contract of purchase and that Glashow's possession of the condominium is wrongful. Danyluk is also entitled to injunctive relief ejecting Glashow from the condominium. Danyluk is not entitled to attorneys' fees under the contract nor is he entitled to the difference between the down payment and the contract price.

Background

This action was commenced on October 4, 2006. Glashow was served on October 20, 2006. (Doc. # 3.) The case is designated for the Court's Electronic Filing System which provides remote access to the docket sheet and copies of orders in .pdf format as well as email notification of docket entries to attorneys who have properly registered.

An initial case management conference was scheduled for January 12, 2007, but was adjourned at the request of Glashow's attorney for health reasons. (Doc. # 5.) On March 1, 2007, Danyluk's attorney advised the Court that Glashow's attorney had not fully recovered and sought and was granted a further adjournment of the conference. (Doc #6.) On April 13, 2007, the conference was held and a schedule was entered as an Order of the Court ("April 13 Order") which set July 31, 2007 as the date for completion of fact discovery and September 15, 2007 for the completion of expert discovery. (Doc #7.) As noted in the April 13 Order, the next pre-trial conference was scheduled for August 3, 2007 at 10:00 a.m. (Id.)

On August 3, 2007, counsel for Danyluk appeared, but Glashow's counsel did not. (Minute Entry for Aug. 3, 2007.) I put the conference over to September 28, 2007. During that conference, which was after the close of fact and expert discovery, I scheduled this case for trial on Monday, November 26, 2007 at 10:00 a.m. (Minute Entry for Sept. 28, 2007.) Plaintiff's counsel indicated that he might seek to withdraw as counsel for reasons unrelated to the scheduling of the trial and was instructed to proceed with his motion if that was his desire. In this non-jury case, I instructed plaintiff's counsel to submit witness declarations for the plaintiff's direct case by November 4, 2007 and defendant's counsel to do the same for defendant's case-in-chief by November 14, 2007. (Id.) The joint pretrial order, proposed findings of fact and conclusion of law and any trial memoranda were all due November 14, 2007. (Id.) Al-

though the Court never received a motion to withdraw from plaintiff's counsel, an additional attorney appeared on behalf of Danyluk on October 31, 2007. (Doc. # 9.)

When none of the ordered materials had been filed by November 14, 2007, I issued an Order on November 15, 2007 stating:

> Because neither party complied with the foregoing directions, I assume the case has settled. If that is the case, I direct that a fax letter be sent to chambers forthwith so that I can remove the scheduled trial from my calendar. If the case has not settled, I direct the parties to forthwith comply with my directives. The case remains scheduled for trial on November 26 at 10:00 A.M.

(Order of Nov. 15, 2007; Doc. #10.) No party objected to the Order and no party complied with the Order. I received nothing.

On November 20, 2007 at 2:28 p.m., I received a fax from counsel for Glashow who expressed concern that Danyluk's counsel had failed to file a motion to withdraw, a matter which should have been of relative indifference to him, particularly in view of the additional counsel's appearance for Danyluk. He also complained of the new attorney's "failure to send to the undersigned any of the documents your Honor requested to be sent prior to trial." (Letter of Nov. 20, 2007.) Lest there be the slightest bit of confusion as to whether the November 26, 2007 trial date remained in place or the consequence of non-appearance, I entered a further Order as follows:

> I expect counsel of record for plaintiff and defendant to be ready for trial as scheduled, i.e. November 26 at 10:00 a.m. in Courtroom 12C. The parties are on notice that the Court will dismiss the complaint in the case of the plaintiff or strike the answer in the case of the defendant if the party does not proceed as indicated.

(Order of Nov. 20, 2007; Doc # 11.)

Danyluk and his counsel appeared for trial on November 26, 2007. Glashow and his counsel did not. Danyluk testified as did Edmund F. Wolk who had been both the original

counsel of record in this action and also the attorney who negotiated the underlying purchase agreement.

Three days later, Glashow's counsel faxed to the Court a letter in which he asserted that he did not believe he or his client needed to appear for trial because he had spoken to Danyluk's new attorney on November 21, 2007 who said he would appear on November 26, 2007 "and request a conference to set a new schedule . . . ."

On November 29, I issued the following Order:

> Counsel for defendant has pointed to no ambiguity in my order of November 20, 2007. The order eliminated any reasonable and rational doubt as to whether the case would proceed to trial on the previously scheduled date of November 26 at 10:00 am. Because plaintiff's counsel does not control this Court's calendar, defendants counsel could not reasonably rely on plaintiff's counsel's stated intention to "request" a new schedule as an excuse for not appearing for trial. I will require a proffer of evidence, i.e., affidavits of witnesses and exhibits, and a showing of good cause (again, in affidavit form) before reopening the trial record. Submission must be filed by 5 pm on December 5 or it will be deemed waived.

(Order of Nov. 29, 2007; Doc # 12.)

Counsel's submission of December 5, 2007 revealed that at the time of the phone call to Danyluk's counsel on November 21, 2007, Glashow's counsel was at the Westin Aruba Resort.[1] I issued another Order as follows:

> I have Mr. Fink's affidavit of December 5, 2007 purporting to explain his non-appearance at trial on the scheduled trial date of November 26, 2007. A telephone record submitted to the Court as Exhibit B suggests that he and his wife were at the Westin Aruba Resort on November 18 through, at least, November 23. If true, Mr. Fink should provide details as to when he traveled to Aruba, when he returned, the purpose of the travel, when the air travel and hotel were reserved, and when the tickets for air travel were purchased. He should state his whereabouts on the day of trial. Mr. Fink should also supply an affidavit from Dr. Glashow as to whether he was told of the November 26

---

[1] While not particularly significant, I see that the fact of Mr. Fink's presence in Aruba on November 21, 2007 would also have been knowable from an exhibit to his November 29 letter to the Court.

> trial date and the November 20 Order, and whether he was told not to appear on November 26 and, if so, by whom and for what reason. Defendant should also address whether Dr. Glashow remains in continued occupancy of the premises, whether he pays rent (and if so how much and to whom) and the value, if any of his continued occupancy.

(Order of Dec. 6, 2007; Doc # 13.)

I have reviewed the submissions of Stewart Fink, Esq., Glashow's counsel. Although he submits an affidavit of Dr. Glashow (Doc. # 18.), sworn to before a licensed notary, he notably does not submit a sworn affidavit of his own. While he did submit a document purporting to be his "Affidavit" which recites that the affiant was "duly, sworn, deposes and says," it is signed "Sincerely, Stewart R. Fink" with no notarial seal or evidence of an oath having been administered. (Doc. # 17.) The unsworn "Affidavit" asserts that he was in Aruba on a "family holiday" from November 18 to November 25 and that he "conducted business in connection with the impending trial" while on the trip. (Id.)

Nothing in the Fink "Affidavit" excuses the defendant's non-appearance at trial. Dr. Glashow swears that he had his assistant call Fink in Aruba regarding the status of the action and his assistant was told by Fink that the trial could not proceed on November 26 and that he would not have to appear. (Doc. # 18.) Dr. Glashow's affidavit confirms Fink's awareness of my November 20, 2007 Order which was the last, clear warning of the consequences of non-appearance. Dr. Glashow states that he called Fink on November 26, 2007 to inquire whether or not he was to appear in court. "Mr. Fink advised me of the Court's order of November 20 and its consequences, and that inasmuch as he had not heard from plaintiff's attorney that he was bringing any witnesses, the trial could not proceed and therefore I did not have to appear." (Id.)

The date for trial was set two months in advance. No reasonable attorney or layman could have misunderstood my Order of November 20, 2007, issued on the heels of the Or-

der of November 15, 2007. The absence of Dr. Glashow and Mr. Fink from trial was voluntary and knowing. The delay of the trial of this action would have had tremendous advantages to Dr. Glashow. He has been, according to the complaint, wrongfully holding over in plaintiff's Manhattan condominium without paying rent since March 1, 2006. I have been unable to discern any valid defense that would likely have prevailed if presented at trial. Accordingly, I find that his absence from trial and that of his counsel was interposed solely for the purpose of delay and was unreasonable and vexatious. See 28 U.S. C. § 1927; In re 60 E. 80th St. Equities, 218 F.3d 109, 115 (2d Cir.2000) (Section 1927 implicated "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay") (citations and internal quotation marks omitted).[2]

Merits

On or about April 15, 2005, Danyluk, as seller, entered into a contract with Glashow, as buyer, for the sale of a condominium unit located at 159 East 74th Street in Manhattan. (Ex. A.) The purchase price was $540,000 with a down payment of $54,000 upon contract signing and a balance of $486,000 due at closing. (Id. ¶ 3.) The closing was set for "on/about" October 25, 2005. (Id. ¶ 4.) The condominium board held a right of first refusal upon the sale of the unit and the contract required that the right be waived. (Id. ¶ 8.). The contract of sale further provided that the seller was to give notice to the condominium board of the contemplated sale and the "Purchaser agrees to provide promptly all applications, information and references reasonably requested by the Board." (Id.)

---

2    If plaintiff wishes to pursue a claim for attorneys' fees "reasonably incurred because of such conduct," he may file a motion within ten days hereof. It will be plaintiff's burden to demonstrate that all requirements for an award have been satisfied, including that the fees for which recovery is sought were caused by the failure of counsel for defendant (and defendant) to appear at trial. 28 U.S.C. § 1927.

Counsel for Danyluk, Edmund F. Wolk, contacted a representative of the condominium board and was provided with certain documents by the managing agent, Charles H. Greenthal & Co., to be completed by the purchaser. (Tr. 10.) Wolk transmitted these documents to Glashow's counsel. (Id.) None were returned by Glashow or his counsel. (Tr. 11.) Wolk sent a letter via overnight mail to Glashow's counsel—the same Stewart R. Fink who is counsel of record in this action—on December 20, 2005, pointing out Glashow's failure to submit the required information. (Ex. B.) Wolk also included another copy of the required documentation, which included a three page application, a three page financial statement, a power of attorney and certain acknowledgements and consents relating to condominium rules, pets, window guards, lead paint and credit checks. (Id.) Wolk testified that he was told that Glashow was not available, but by sometime in January, Fink disputed the obligation of Glashow to furnish the information. (Tr. 13.) The sale never closed and on or about January 24, 2006, Danyluk sent Glashow a notice of termination of the month-to-month tenancy, effective February 28, 2006. (Ex. C.)

The down payment funds remain in Wolk's escrow (IOLA) account. (Tr. 16.)

I find that Glashow breached the purchase agreement by not furnishing the required information to the condominium board. The information sought was reasonable in nature and Glashow failed to perform. His breach of paragraph 8 was material because it precluded Danyluk from proceeding with a sale. There has been no prior material breach by Danyluk.

The fact that there may be a separate and prior state court action relating to Glashow's tenancy does not preclude this court from granting relief. No judgment or order of a state court has been pled as a basis for issue or claim preclusion. See Murphy v. Gallagher, 761 F.2d 878, 882 (2d Cir. 1985) (issue preclusion requires "an identity of issue which has necessar-

ily been decided."); St. Pierre v. Dyer, 208 F.3d 394, 399-400 (2d Cir. 2000) (application of claim preclusion requires final judgment on the merits in prior proceeding).

Paragraph 13 of the contract limits seller's remedy for purchaser's default to liquidated damages in the amount of the down payment. There is no basis for an award of the difference between the down payment and the purchase price and the same is precluded by the language of paragraph 13, which renders the retention of the down payment as the seller's sole remedy. There is no general provision for attorneys' fees and none are awarded under the contract. I award judgment to plaintiff in the amount of $54,000 to be paid out of Wolk's escrow (IOLA) account. See Uzan v. 845 Ltd. Partnership, 10 A.D.3d 230, 236 (1st Dep't 2004) ("[A] vendee who defaults on a real estate contract without lawful excuse cannot recover his or her down payment.") (citing Lawrence v. Miller, 86 N.Y. 131 (1881)).

Plaintiff is entitled to sole possession of the condominium unit which possession shall be delivered by Glashow upon entry of final judgment. Plaintiff is entitled to reasonable rent on the premises from March 1, 2006 (the month-to-month tenancy expired on February 28, 2006). Plaintiff's complaint asserts that the fair and reasonable rental value of the unit is $6,000 per month. While that amount may be plausible, plaintiff has furnished no evidence to support the fairness or reasonableness of that amount. The only evidence submitted that speaks at all to the value of the use and occupancy of the subject premises is the contract of sale (Ex. A), which notes that the 2004 common charges for the condominium unit were $562.98 per month and the annual real estate taxes were $5,971.77. (Id. ¶ 5.) I therefore find that the only proven amount is $1,060.63 per month, an amount comprised of the monthly common charges of $562.98, and the prorated amount of the annual real estate taxes of $497.65.

Conclusion

9

annual real estate taxes were $5,971.77. (Id. ¶ 5.) I therefore find that the only proven amount is $1,060.63 per month, an amount comprised of the monthly common charges of $562.98, and the prorated amount of the annual real estate taxes of $497.65.

Conclusion

Plaintiff is entitled to judgment in his favor declaring defendant to be in breach of the purchase agreement and terminating any rights of defendant thereunder. Plaintiff is entitled to judgment in his favor declaring defendant to be in unlawful occupancy of the condominium unit and ordering him to vacate the premises. Plaintiff is entitled to judgment in his favor as to the sum held as down payment and as to the amount of reasonable rent (at a rate of $1,060.63 per month) during the holdover period from March 1, 2006 through the date of entry of the final judgment or the date defendant relinquishes possession, if earlier. Plaintiff is not entitled to attorneys' fees, except as noted in footnote 2 of this Memorandum and Order. Plaintiff shall submit on notice to defendant a proposed final judgment within ten (10) days.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
January 23, 2008